**Opinion filed June 11, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00166-CV

_____

## IN THE INTEREST OF J.S. AND A.S., CHILDREN

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 6446-CX**

## O P I N I O N

This is an accelerated appeal from the trial court's order terminating appellant's parental rights. We affirm.

*Background Facts*

Krystal Shelton, appellant, is the mother of J.S. and A.S. The Department of Family and Protective Services (the "Department") filed an "Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship" on April 12, 2007. The Department's original petition contained a pleading to terminate appellant's parental rights. However, this pleading was premised on the condition that the Department would not seek

to terminate appellant's parental rights unless "reunification with the mother [could not] be achieved."

The Department submitted a family service plan for appellant on June 1, 2007, that the trial court adopted as its own order on June 8, 2007. Appellant initially attempted to comply with the family service plan. She advised the trial court at a status hearing conducted on June 7, 2007, that she agreed to do the work required of her by the plan. At a hearing conducted on October 3, 2007, the Department advised the trial court that appellant had not been doing a good job of fulfilling the requirements of the plan but that it was continuing to work with her on the plan.

At some point after the October 3, 2007 hearing, the Department elected to pursue the termination of appellant's parental rights. The trial court received evidence pertaining to termination at a bench trial that occurred on April 18, 2008. At the conclusion of the hearing, the trial court orally pronounced that appellant's parental rights would be terminated based upon her failure to comply with the family service plan. The trial court subsequently entered a written termination order that contained the following finding:

> [Appellant] failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse or neglect of the children [TEX. FAM. CODE ANN. § 161.001(1)(O) (Vernon 2008)].

Section 161.001(1)(O) is the only statutory termination ground that the trial court relied upon in its written termination order.

The trial court entered the written termination order on April 21, 2008. Appellant filed a notice of appeal on April 30, 2008. She also filed a statement of points that she intended to appeal in compliance with TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2008). She alleged the following:

> 1. Section 263.405(b) violates her constitutional rights to due process and equal protection;
>
> 2. TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2008) violates her constitutional rights to due process and equal protection;
>
> 3. The evidence was legally and factually insufficient to establish that termination of her parental rights was in the best interest of the children; and

4. The evidence was legally and factually insufficient to establish by clear and convincing evidence a violation of Section 161.001(1)(O).

*Issues*

Appellant presents three issues for review challenging the constitutionality of Section 263.405. In her first issue, she asserts that Section 263.405(b) deprives indigent parents of their right to due process. She contends that Section 263.405(i) violates the doctrine of separation of powers in her second issue. In her third issue, she asserts that Section 263.405(i) deprives indigent parents of their right to due process.

*Analysis*

Appellant argues in her first issue that Section 263.405(b) violated her rights to procedural due process. Section 263.405(b) provides that a parent intending to appeal a termination order must file a statement of the point or points on which the parent intends to appeal not later than the fifteenth day after the date a final order is signed by the trial court. Appellant contends that the fifteen-day deadline violated her procedural due process rights because she was required to file the statement of points that she intended to raise on appeal before the preparation of the reporter's record. In this regard, three hearings occurred in the case prior to the appointment of counsel for appellant.

A parent appealing the termination of his or her parental rights has a right to a meaningful appeal. *In re M.S.*, 115 S.W.3d 534, 546-47 (Tex. 2003); *In re S.K.A.*, 236 S.W.3d 875, 889-90 (Tex. App.—Texarkana 2007, pet. denied). The trial court appointed an attorney for appellant approximately six months prior to the final hearing on the issue of terminating appellant's parental rights. Her appointed counsel remained her attorney throughout the period immediately following the entry of the termination, and he remains as her attorney on appeal. As set forth above, appellant's appointed counsel timely filed a statement of points on appeal. Thus, appellant is not asserting that the fifteen-day deadline prevented her from presenting *any* arguments on appeal. Instead, appellant asserts that she has been denied "meaningful appellate review" because her attorney was unable to raise errors that *might* have occurred prior to his appointment because he did not have the reporter's record from the three previous hearings.

3

The reporter's record filed in this appeal includes transcriptions of the hearings that occurred prior to the appointment of appellant's counsel. Thus, while appellant's counsel did not have the reporter's record from the previous hearings at the time the statement of points were required to be filed, they were available for him to review in preparing appellant's brief in this appeal. It is significant to note that appellant has not identified any errors that allegedly occurred during the previous hearings that the fifteen-day deadline prevented her from asserting.

We have reviewed the reporter's record from the three hearings to determine if any errors possibly occurred. The first hearing occurred on April 24, 2007. It involved the placement of the children after the initial, emergency placement of them with the Department. Appellant appeared at the hearing and announced her agreement for the children to remain under the conservatorship of the Department. The second hearing occurred on June 7, 2007. It consisted of a status hearing wherein the trial court adopted the family service plan for appellant. Appellant appeared at the hearing and announced that she agreed to the matters contained in the plan and that she had been working toward achieving the plan's requirements.[1] The third hearing occurred on October 3, 2007. It consisted of a permanency hearing to determine if the children should remain in their current placement with appellant's sister. The Department informed the trial court that appellant had not been doing a good job of accomplishing the goals set out in the family service plan but that the Department was still working with her to comply with the plan. The hearing concluded with the trial court informing appellant that it was going to appoint her an attorney to help her communicate with the Department. Our review of the reporter's record from the three hearings does not indicate the occurrence of any errors that would be relevant to the issue of termination. In this regard, the three hearings occurred at a time when the Department was working with appellant to achieve family reunification by completing the requirements of the family service plan as opposed to seeking to terminate her parental rights.

We conclude that the fifteen-day deadline did not preclude appellant from obtaining meaningful appellate review of the order terminating her parental rights. Appellant has not identified any alleged errors that the deadline prevented her from raising, and our independent review of the

---

[1]The second hearing concluded with the trial court making the following statement to appellant: "Keep up the good work and don't give up."

record does not reveal any potential issues from the previous hearings. Accordingly, appellant has not demonstrated an "erroneous deprivation of parental rights" to establish a violation of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *see In re M.S.*, 115 S.W.3d at 547. Appellant's first issue is overruled.

Appellant argues in her third issue that Section 263.405(i) also violated her rights to procedural due process. Section 263.405(i) provides as follows:

> The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. For purposes of this subsection, a claim that a judicial decision is contrary to the evidence or that the evidence is factually or legally insufficient is not sufficiently specific to preserve an issue for appeal.

Appellant incorporates her arguments under her first issue as her arguments in support of her third issue. In discussing her first issue, appellant alleges that subsection (i) precludes any and all challenges to the legal or factual sufficiency of the evidence supporting a termination order. In this regard, it appears that appellant has misinterpreted the second sentence of subsection (i). This sentence does not preclude a challenge to the legal and factual sufficiency of the evidence supporting a termination order. To the contrary, it only provides that a general allegation that the evidence is legally or factually insufficient to support termination will not preserve the issue for appellate review. "[S]pecific, nonglobal claims" of insufficiency set out in a statement of points are not precluded from review. *In re S.K.A.*, 236 S.W.3d at 899.[2] The supreme court's recent opinion in *In re J.O.A.*, No. 08-0379, 2009 WL 1165303, at *5 (Tex. May 1, 2009), reconfirms that termination orders are subject to sufficiency challenges. Accordingly, Section 263.405(i) does not violate a parent's rights to procedural due process because it does not preclude a challenge to the legal and factual sufficiency of the evidence supporting termination. Appellant's third issue is overruled.

In her second issue, appellant asserts that Section 263.405(i) violates the separation of powers doctrine. In this regard, appellant contends that the legislature has impermissibly interfered with a core judicial function by precluding appellate review of challenges to the sufficiency of the

---

[2]A statement of points is specific enough when it allows the trial court to correct any erroneous findings on the challenged grounds. *See Adams v. Tex. Dep't of Family & Protective Servs.*, 236 S.W.3d 271, 278 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *In re A.J.H.*, 205 S.W.3d 79, 81 (Tex. App.—Fort Worth 2006, no pet.).

evidence. Appellant premises her separation of powers argument on her misinterpretation of subsection (i). As we have previously noted, subsection (i) does not preclude appellate review of the legal and factual sufficiency of the evidence supporting a termination order. Accordingly, subsection (i) does not interfere with a core judicial function because it does not preclude a challenge to the sufficiency of the evidence. Appellant's second issue is overruled.

Although appellant asserts that subsection (i) precludes a review of the legal and factual sufficiency of the evidence, her brief addresses the sufficiency of the evidence supporting the trial court's determination that she did not comply with the family service plan. A review of her sufficiency challenges on appeal is permitted because appellant included sufficiency challenges in her statement of points on appeal. Accordingly, we will address her claim that the evidence supporting the trial court's termination finding under Section 161.001(1)(O) is legally and factually insufficient.[3]

The supreme court outlined the applicable standards of review for evidentiary challenges in *In re J.O.A.*, 2009 WL 1165303, at *5-6:

> Proceedings to terminate parental rights under the Family Code require proof by clear and convincing evidence. TEX. FAM. CODE § 161.001(1). Clear and convincing evidence is "proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." [TEX. FAM. CODE ANN. § 101.007 (Vernon 2008)]; *In re J.F.C.*, 96 S.W.3d 256, 264 (Tex. 2002). When the legal sufficiency of the evidence is challenged:

> > [A] court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. This does not mean that a court must

---

[3]Appellant also included in her statement of points a legal and factual sufficiency challenge to the trial court's determination that the termination of her parental rights would be in the best interest of her children. We will not consider whether the evidence supports this finding, however, because appellant did not address this finding in her brief.

6

disregard *all* evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence. If, after conducting its legal sufficiency review of the record evidence, a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then that court must conclude that the evidence is legally insufficient.

*In re J.F.C.*, 96 S.W.3d at 266.

When the factual sufficiency of the evidence is challenged, only then is disputed or conflicting evidence under review. As we said in *J.F.C.*: "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id*. The court of appeals should further explain in its opinion "why it has concluded that a reasonable factfinder could not have credited disputed evidence in favor of the finding." *Id*. at 267.

To terminate parental rights based on Section 161.001(1)(O), a trial court must find by clear and convincing evidence that the parent failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the child's removal from the parent under TEX. FAM. CODE ANN. ch. 262 (Vernon 2008) for the abuse or neglect of the child. Appellant does not dispute that the children were in the Department's custody for at least nine months or that the children were removed as a result of abuse or neglect. Instead, she argues that the Department did not meet its burden of proof to establish that she did not comply with the trial court's order requiring her to complete the requirements of the family service plan.

Among other things, the family service plan required appellant to "demonstrate an ability to secure basic necessities such as food, clothing, shelter, medical care, and supervision for the child[ren]" and "maintain stable housing that is safe and appropriate for her children." Irene Montez, the children's caseworker, testified that appellant had not achieved the goals set out in the family service plan because she did not have "safe and appropriate" housing at the time of the termination hearing. In this regard, Montez testified that appellant did not currently have a permanent residence. In the year preceding the termination hearing, appellant had lived in six or seven different locations

7

with at least five different men. Montez additionally testified that appellant had not maintained gainful employment and that she did not have any financial resources to provide for her children's needs. Conversely, Montez also admitted that appellant had complied with other goals set out in the family service plan. Montez testified that appellant was currently taking the medications needed to regulate her psychological problems. Montez also acknowledged that appellant participated in visitation with the children.

Appellant's counselor, Phyllis Howard, testified that appellant had made improvements during the previous year that she counseled with her, particularly within the last several months. She described appellant's condition as "guardedly stable." Cody Stewart is appellant's caseworker at MHMR. He testified that appellant had been compliant with her medications for the last several months.

Appellant also testified at the termination hearing. She testified that she is currently enrolled as a student at Cisco Junior College in a program to become a surgical tech. She testified that she supports herself with food stamps and assistance from her friends. At the time of the termination, appellant resided with a friend named David Sikes at his house. She further testified that it would take her another year to become financially stable.

The trial court made an oral pronouncement of its decision at the conclusion of the termination hearing. The trial court stated as follows:

> As far as [appellant] is concerned -- you know, [appellant], we were here a year ago. We were here in June when I looked right at you and talked to you about the plan and about the services and specifically admonished you that your failure to or unwillingness to follow through with what was being asked of you could terminate your rights. One of the things that your therapist said was that ultimately one day you might be able to function appropriately as far as parenting. The situation is, though, that the law of Texas is we have essentially a year, a year in which the Department has to do everything it can, I have to do everything I can, but the parent also has to do everything that she can do so that at the end of that year we have a permanent, stable, healthful, good situation for children, and you are not there. And as much progress as you have made in the last few months, this year has gone by for your kids, so I do find that the evidence is clear and convincing that it's in the best interest that your rights be terminated because you did not comply with the plan.

Viewing the evidence in the light most favorable to an affirmative finding under Section 161.001(1)(O), we conclude that it was sufficiently clear and convincing that a reasonable factfinder could have formed a firm belief or conviction that appellant failed to comply with the

8

provisions of a court order that specifically established the actions necessary for her to obtain the return of her children. Specifically, the evidence established that she had not demonstrated an ability to secure basic necessities for her children and that she had not maintained stable housing as of the time of the termination hearing. Accordingly, appellant's challenge to the legal sufficiency of the evidence supporting the trial court's termination finding is overruled.

Appellant directs the bulk of her evidentiary arguments toward her challenge to the factual sufficiency of the evidence. She contends that the conflicting evidence of her compliance with other parts of the family service plan outweighs the evidence of her shortcomings under the plan. She additionally argues that she offered evidence to provide excuses for her failure to achieve the plan's goals. Section 161.001(1)(O) simply provides that a parent's rights may be terminated if the parent "failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child." It does not quantify any particular number of provisions of the family service plan that a parent must not achieve in order for the parental rights to be terminated or the degree of a parent's conduct that will be deemed to be a failure to achieve a particular requirement of the plan. The provision also does not encompass an evaluation of a parent's partial achievement of plan requirements to determine whether or not the parent failed to comply with the plan. Lastly, Section 161.001(1)(O) does not "make a provision for excuses" for the parent's failure to comply with the family service plan. *In re T.N.F.*, 205 S.W.3d 625, 631 (Tex. App.—Waco 2006, pet. denied).

Despite appellant's achievement of some of the plan's goals, the evidence establishes that other requirements of the plan were not achieved. Appellant's inability to provide stable housing and basic necessities for her children are significant deficiencies. The trial court's determination that appellant failed to comply with requirements of the family service plan is supported by factually sufficient evidence.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

June 11, 2009                                                                    JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

9
