**Opinion filed January 30, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00240-CV

_____

## IN THE INTEREST OF S.E.C., A CHILD

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 48,231**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of the mother and father of S.E.C.[1]  The father appeals the termination of his rights and, in five issues on appeal, challenges the legal and factual sufficiency of the evidence to support termination.  We affirm.

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001 (West Supp. 2013).  To determine if the evidence is legally sufficient in a parental termination case, we

---

[1]The mother did not appeal.

review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001.

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

In this case, the trial court found that the father had committed one of the acts listed in Section 161.001(1). Specifically, the trial court found that the father

had failed to comply with the provisions of a court order that established the actions necessary for him to obtain the return of S.E.C., a child who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of removal from the parent for abuse or neglect. The trial court also found, pursuant to Section 161.001(2), that termination of the father's parental rights would be in the best interest of the child.

The record shows that the Department of Family and Protective Services removed two-year-old S.E.C. from the care of his parents after S.E.C.'s half-brother was severely injured. S.E.C. was originally placed with a family member, but after a short period of time, that placement failed and S.E.C. was placed in foster care.

Donna Carrasco, a licensed professional counselor, testified that she began counseling S.E.C. in February 2012 due to S.E.C.'s major aggressive behaviors, such as acting out, hitting, kicking, biting, and threatening to stab people. S.E.C. also hoarded food. Carrasco was very concerned about S.E.C.'s lack of attachment and, if he had not already developed "attachment disorder," his potential to develop that disorder. S.E.C. was also delayed in all areas: emotional, cognitive, speech, and physical. Carrasco worked with S.E.C. and S.E.C.'s foster parents, who implemented every strategy that Carrasco suggested. As a result, S.E.C. is now "happy, healthy, well-developed, very attached. Developmentally on track. Emotionally on track." S.E.C. had become attached to and had bonded with his foster parents. Carrasco believed that it would be detrimental to S.E.C. to remove him from his foster parents.

The Department's conservatorship caseworker, Kristie Saenz, testified that S.E.C. was doing very well in his foster home. He had bonded to both foster parents and to the other foster child in that home. Saenz believed that it would be in S.E.C.'s best interest to terminate the father's parental rights. Some of the

reasons for Saenz's opinion were the following: the father's extensive criminal history, the father's membership in the Latin King gang, and the father's alleged abuse of S.E.C.'s mother. Saenz testified that, at the beginning of this case, there was a six-month period when the father was not incarcerated and had the opportunity to complete his services but "chose not to do so."

At the time of trial, S.E.C. was almost four years old. He had been in the same foster home for one year and seven months. S.E.C.'s foster mother testified about S.E.C.'s progress since being placed in her home. According to the foster mother, S.E.C. is now very happy and has "a sweet spirit about him." The foster mother testified that she and her husband would like to adopt S.E.C. The recommendation of S.E.C.'s court-appointed special advocate was termination of the parents' rights and adoption by the foster parents.

At the time of trial, the father was incarcerated and participated by telephone. The father testified that he was incarcerated in a federal facility for violating his probation and that he had previously been convicted of a conspiracy involving less than fifty kilos of marihuana. The father was not sure when he would be released from prison. The father stated that he had been out of prison for about six months around 2011 or 2012 and that, during that period, he had "a little" contact with S.E.C., "but not really." At trial, the father was asked whether he had had an opportunity to work any of the services that were outlined in the court orders, and the father responded that he had not had "the time to get into that." The father testified that he had not completed the packets that the Department had sent to him. He also testified that he had not taken parenting classes or obtained a psychological evaluation, though both were available at the federal facility where the father was incarcerated, but that he had taken a four-hour drug class.

Section 161.001(1)(O) does not "make a provision for excuses" for a parent's failure to comply with the family service plan. *In re J.S.*, 291 S.W.3d 60,

67 (Tex. App.—Eastland 2009, no pet.).  The Department produced clear and convincing evidence from which the trial court could reasonably have formed a firm belief that the father failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of S.E.C. The trial court took judicial notice of the case file, which included the trial court's temporary order following the adversary hearing.  In that order, the father was ordered to submit to a psychological evaluation, attend counseling, complete parenting classes, obtain a drug and alcohol assessment, and attend a batterer's intervention program.  The order required an incarcerated parent to apply for, participate in, and complete any and all services available at each place of incarceration.  The evidence showed that the father failed to complete the services and, thus, failed to comply with the trial court's order.  The evidence also showed that S.E.C. had been in the Department's care for at least nine months and that S.E.C. had been removed from the parents due to abuse or neglect.  Thus, we hold that the evidence is legally and factually sufficient to support the trial court's finding under Section 161.001(1)(O).  *See id.*  The father's fourth issue on appeal is overruled.

Because the trial court did not find that the father committed any of the other acts in Section 161.001(1)(A)–(T) and because a finding that a parent committed one of the acts listed in Section 161.001(1)(A)–(T) is all that is required under that statute, we need not address the father's first, second, and third issues.  In those issues, the father challenged the sufficiency of the evidence to support other potential findings under Section 161.001(1).  *See* TEX. R. APP. P. 47.1.

We also hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of the father's parental rights would be in the best interest of S.E.C.  *See Holley*, 544 S.W.2d at 371–72.  Upon considering the record as it

relates to the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the lack of any bond between the father and S.E.C., the parental abilities of the father and the foster parents, the conduct of the father, the programs available to assist the family, the plans for the child by the Department, the father's incarceration for an unknown period of time, the stability of the child's current placement, and the father's criminal history, we hold that the evidence is both legally and factually sufficient to support the finding that termination of the father's parental rights is in the best interest of S.E.C. *See id.* The trial court's finding as to best interest is supported by clear and convincing evidence. The father's fifth issue on appeal is overruled.

We affirm the trial court's order of termination.


PER CURIAM


January 30, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.