**Opinion filed May 8, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00356-CV

_____

## IN THE INTEREST OF R.H., T.H. A/K/A T.G., M.H., A.G., M.G., AND E.H., CHILDREN

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-3228-PC**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of the mother of R.H., T.H. a/k/a T.G., M.H., A.G., M.G., and E.H.[1]  In a single issue on appeal, the mother challenges the legal and factual sufficiency of the evidence to support termination.  We affirm.

### Termination Standard and Findings

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001 (West 2014).  To determine if the evidence is legally sufficient in a parental termination case, we review all of

---

[1]We note that the trial court also terminated parental rights of the various fathers, except for the father of A.G.  None of the fathers have filed an appeal.

the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001.

In this case, the trial court found that the mother had committed three of the acts listed in Section 161.001(1)—those found in subsections (D), (N), and (O). Specifically, the trial court found that the mother had placed or allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, that she had constructively abandoned the children, and that she had failed to comply with the provisions of a court order as necessary for her to obtain the return of the children. The trial court also found, pursuant to Section 161.001(2), that termination of the mother's parental rights would be in the best interest of the children. In her brief, the mother does not challenge the sufficiency of the evidence to support the best interest finding.

*Evidence at Trial*

The mother had an extensive history with the Department of Family and Protective Services dating back to 2007. The Department ultimately removed the children from their mother's care in October 2012, obtained managing conservatorship of the children, and placed them in the care of various family members. At the time of removal, only two of the children actually lived with the mother; she had left the other children with various relatives. The reasons for the removal

included the children's exposure to domestic violence, the mother's drug use, and her inability to provide for the children. Around the time of removal, the mother admitted that she had used methamphetamine and cocaine within the previous two months.

The Department's caseworker, Courtney Reese, testified that the Department had made multiple attempts to contact the mother throughout the pendency of this case. The mother, however, refused to cooperate; she refused to give the Department her address and refused to meet with the caseworker. According to Reese, the mother made no effort with respect to this case and failed to perform any of the services that she had been ordered to perform by the trial court. On September 10, 2013, approximately six weeks prior to the final hearing, the mother contacted the Department and explained that her lack of cooperation with the Department was caused by her abusive boyfriend. According to the mother, the boyfriend beat her up, tortured her, and did not let her leave the house.

The Department's records showed that the mother refused to cooperate with the Department and that she had not contacted or visited her children since December 27, 2012. The mother agreed that her abusive boyfriend was incarcerated during the following time periods: October 31, 2012, to February 16, 2013; April 1, 2013, to April 22, 2013; and July 20, 2013, through the date of the final hearing on October 21, 2013. From December 27, 2012, to September 10, 2013, the mother made no attempt to contact her children, failed to perform her services, and refused to cooperate with the Department even during the periods that her boyfriend was incarcerated. Even after contacting the Department in September, the mother "still [was] not working services." She never showed up for a single drug test and did not have stable housing.

*Analysis*

The Department produced clear and convincing evidence from which the trial court could reasonably have formed a firm belief that the mother failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of her children. The evidence showed that the mother was ordered to complete services but that the mother failed to complete her services or comply with the trial court's orders. Section 161.001(1)(O) does not "make a provision for excuses" for a parent's failure to comply with the family service plan. *In re J.S.*, 291 S.W.3d 60, 67 (Tex. App.—Eastland 2009, no pet.). The evidence also showed that the children had been in the Department's care for at least nine months and that the children had been removed from the mother due to abuse or neglect. Thus, we hold that the evidence is legally and factually sufficient to support the trial court's finding under Section 161.001(1)(O). *See id.* Because a finding that a parent committed one of the acts listed in Section 161.001(1)(A)–(T) is all that is required under that statute, we need not address the mother's challenges to the sufficiency of the evidence with respect to the trial court's findings under Section 161.001(1)(D) and (N). *See* TEX. R. APP. P. 47.1. The mother's sole issue on appeal is overruled.

*This Court's Ruling*

We affirm the trial court's order of termination.


MIKE WILLSON

May 8, 2014                                                      JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4