Opinion filed February 19, 2015



### In The

# Eleventh Court of Appeals

_____

## No. 11-14-00219-CV

_____

## IN THE INTEREST OF J.R.A.F. AND P.F., CHILDREN

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-3320-PC**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of the mother and father of J.R.A.F. and P.F. The father timely filed an appeal. In eight issues on appeal, he challenges the legal and factual sufficiency of the evidence to support termination. We affirm.

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West 2014). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a

rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001.

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

In this case, the trial court found that the father had committed four of the acts listed in Section 161.001(1)—those found in subsections (D), (E), (N), and (O). Specifically, the trial court found that the father had knowingly placed or

knowingly allowed the children to remain in conditions or surroundings that endangered the children's physical or emotional well-being; that the father had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being; that the father had constructively abandoned the children; and that the father had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the children, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parents for abuse or neglect. The trial court also found, pursuant to Section 161.001(2), that termination of the father's parental rights would be in the best interest of the children.

The Department initially became involved with the parents in this case in October 2011 when J.R.A.F. was two months old. J.R.A.F. was not receiving proper treatment for a skin condition. In March 2012, the Department received another intake concerning the parents' medical neglect of J.R.A.F.; he was not being given his medication or treatments for pneumonia. In July 2012, the Department referred the parents to Family Based Safety Services. The parents have had very little contact with J.R.A.F. since August 2012.

P.F. was born in December 2012 and was also removed from the parents' care. P.F. required surgery shortly after birth. P.F. spent two months in a Dallas hospital and was then transferred to an Odessa hospital. The parents have had very little contact with P.F. since she was born.

Near the time of P.F.'s return to Odessa in February 2013, both parents were arrested, and both tested positive for cocaine. In June 2013, the parents had an altercation, which resulted in the father being arrested for domestic violence. In October 2013, the father was arrested for theft and for driving while his license

3

was invalid. He was released on bond on January 2, 2014. On March 17, 2014, the father entered into a plea bargain, was convicted of theft of property valued at less than $1,500—with two or more prior convictions for theft, and was sentenced to twelve months in state jail. At the time of the final hearing in this case, the father remained incarcerated. The father also had a prior conviction for sexual assault of a child and a prior conviction for failure to comply with the requirements of sex offender registration.

The evidence at trial indicated that both parents had a history of drug use and domestic violence. The father admitted to using marihuana, cocaine, crack cocaine, and alcohol. He had been arrested for possession of marihuana and other misdemeanors. The psychologist described the father as antisocial, and the licensed professional counselor described the father as extremely unstable and violent and as having no healthy parenting skills.

The Department attempted to engage the parents in services offered by the Department to help reunify the family. The father did not complete the services even though the trial court had ordered him to do so. The record shows that the father received his parenting packet in June 2013 but did not complete that packet. Furthermore, the caseworker testified that the father did not attend any visitations with the children. The licensed professional counselor, the conservatorship caseworker, and the children's guardian ad litem believed that it would be in the children's best interest to terminate the parental rights of both parents.

At the time of trial, the children had been living with the same foster family for almost one year. The foster mother testified that the children were doing well and that their medical needs were being taken care of. The foster mother also testified about the bond that she had with the children and stated, "We're their parents and we feel like they are ours." She said that she and her husband loved

having the children and would be interested in adopting them if the parents' rights were terminated.

The record contains clear and convincing evidence that the father failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the children who had been in the conservatorship of the Department for more than nine months and had been removed due to abuse or neglect. The evidence was undisputed that the father failed to complete the services that were required by his family service plan and ordered by the trial court. Section 161.001(1)(O) does not "make a provision for excuses" for the parent's failure to comply with the court-ordered services. *In re J.S.*, 291 S.W.3d 60, 67 (Tex. App.—Eastland 2009, no pet.) (quoting *In re T.N.F.*, 205 S.W.3d 625, 631 (Tex. App.—Waco 2006, pet. denied)) (internal quotation marks omitted). Clear and convincing evidence also reflected that the children had been removed due to abuse or neglect and that they had been in the care of the Department for well over nine months. Consequently, the evidence is legally and factually sufficient to support the trial court's finding under Section 161.001(1)(O). The father's seventh and eighth issues are overruled.

Furthermore, the father failed to present an issue challenging the trial court's finding under Section 161.001(1)(N), in which the trial court found that the father had constructively abandoned the children. Because a finding that a parent committed one of the acts listed in Section 161.001(1)(A)–(T) is all that is required, because the father failed to present an issue challenging the trial court's finding under subsection (N), and because we have held that the evidence is sufficient to support the trial court's finding under subsection (O), we need not address the father's third, fourth, fifth, and sixth issues in which he challenges the findings made pursuant to subsections (D) and (E). *See* TEX. R. APP. P. 47.1.

In his first and second issues, the father challenges the finding that termination of his rights would be in the best interest of the children. We hold that, based on clear and convincing evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of the father's parental rights would be in the best interest of the children. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the children; the emotional and physical needs of the children now and in the future; the emotional and physical danger to the children now and in the future; the parental abilities of the father and the foster parents seeking to adopt the children; the plans for the children by the Department; the instability of the parents' home; the stability of the children's placement; and the acts and omissions—including the father's drug use, criminal history, and domestic violence—indicating that the parent-child relationship was not a proper one, we hold that the evidence is sufficient to support the finding that termination of the father's parental rights is in the best interest of the children. *See id.* The father's first and second issues are overruled.

We affirm the trial court's order of termination.


JIM R. WRIGHT
CHIEF JUSTICE


February 19, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6