**Opinion filed August 13, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00019-CV

_____

## IN THE INTEREST OF M.A.S.R., A CHILD

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 49,562**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the father of M.A.S.R.  The father timely filed an appeal.  In two issues on appeal, he challenges the legal and factual sufficiency of the evidence to support termination and the finding that termination is in the best interest of the child.  We affirm.

### Termination Findings and Standards

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001 (West 2014).  To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational

trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001.

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

In this case, the trial court found that the father had committed one of the acts listed in Section 161.001(1)—the act found in subsection (O). Specifically, the trial court found that the father had failed to comply with the provisions of a court order

that specifically established the actions necessary for him to obtain the return of the child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent for abuse or neglect. The trial court also found, pursuant to Section 161.001(2), that termination of the father's parental rights would be in the best interest of the child. The father challenges each of the trial court's findings in his issues on appeal.

*Evidence Presented*

The record shows that the Department first became involved with the family when the child was three years old. The mother was shot and killed by her then boyfriend in the presence of the child. As a result of this incident, the child was placed with her maternal aunt, A.H. The father was contacted by the Department to take responsibility for the child, but he declined to do so. The child was removed from A.H.'s house because A.H. lost her job and her home.

The child was subsequently placed in foster care and then with a paternal uncle. However, the paternal uncle told the Department that he did not wish to be a long-term placement for the child. The Department then sought to place the child with a maternal uncle.

The trial court ordered the father to participate in various services that were necessary for him to obtain the return of his child. The evidence at trial showed that the father did not complete the court-ordered services and, thus, failed to comply with the trial court's order. The father failed to complete parenting classes, failed to maintain stable housing, failed to maintain stable employment, and failed to complete a drug rehabilitation program.

The Department's goal for the child was termination of the parental rights of the father and adoption by a relative. The conservatorship caseworker and the maternal uncle testified that termination of the father's parental rights would be in

the best interest of the child.  The maternal uncle had a close bond with the child and wanted to adopt her.  The maternal uncle's home was stable, and the Department agreed that the child should remain with the maternal uncle on a permanent basis.

*Analysis*

The record contains clear and convincing evidence that the father failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child who had been in the conservatorship of the Department for more than nine months and had been removed due to abuse or neglect.  The father asserts on appeal that the Department failed to prove by clear and convincing evidence that the child was removed due to his neglect.

The evidence is undisputed that the father failed to complete his parenting classes and failed to maintain stable housing or stable employment as required by his family service plan and ordered by the trial court.  The father also concedes that he was unable to complete certain provisions of his court order. Section 161.001(1)(O) does not "make a provision for excuses" for the parent's failure to comply with the court-ordered services.  *In re J.S.*, 291 S.W.3d 60, 67 (Tex. App.—Eastland 2009, no pet.) (quoting *In re T.N.F.*, 205 S.W.3d 625, 631 (Tex. App.—Waco 2006, pet. denied)) (internal quotation marks omitted).  Clear and convincing evidence also reflected that the child had been removed due to abuse or neglect and that the child had been in the care of the Department for well over nine months.  Furthermore, even though the child was not removed from the father's home and was not removed as a result of allegations of abuse or neglect made specifically against the father, the father was still required to comply with subsection (O).  *In re D.R.A.*, 374 S.W.3d 528, 532 (Tex. App.—Houston [14th Dist.] 2012, no pet.).  The parent who fails to comply with a court order as required by subsection (O) need not be the same person whose abuse or neglect triggered the

4

child's removal. *In re D.R.J.*, 395 S.W.3d 316, 320 (Tex. App.—Fort Worth 2013, no pet.). Consequently, we hold that the evidence is legally and factually sufficient to support the trial court's finding under Section 161.001(1)(O). The father's first issue on appeal is overruled.

The father also challenges the finding that termination of his rights would be in the best interest of his child. We hold that, based on clear and convincing evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of the father's parental rights would be in the best interest of the child. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the child, as shown through the lack of wanting a permanent relationship with the child and the observations made at visitation; the emotional and physical needs of the child now and in the future; the emotional and physical danger to the child now and in the future; the parental abilities of the father and the person seeking to adopt the child; the plans for the child by the Department; the instability of the father's home; the stability of the child's placement; the father's drug use issues; the father's past criminal charges; and the acts and omissions indicating that the parent-child relationship was not a proper one, we hold that the evidence is sufficient to support the finding that termination of the father's parental rights is in the best interest of the child. *See id.* The father's second issue on appeal is overruled.

*This Court's Ruling*

We affirm the trial court's order of termination.

August 13, 2015                                                    JOHN M. BAILEY

Panel consists of: Wright, C.J.,                          JUSTICE
Willson, J., and Bailey, J.