**Opinion filed December 3, 2015**



## In The

# Eleventh Court of Appeals

_____

## No. 11-15-00132-CV

_____

## IN THE INTEREST OF K.J.G., A CHILD

---

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C45962**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of K.J.G. The father timely filed a notice of appeal; the mother did not appeal. In two issues on appeal, he challenges the legal and factual sufficiency of the evidence to support termination. We affirm.

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2015). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true.

*In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001(b).

In this case, the trial court found that the father had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (E) and (O). Specifically, the trial court found that the father had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the physical or emotional well-being of the child and that the father had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent for abuse or neglect. The trial court also found, pursuant to Section 161.001(b)(2), that termination of the father's parental rights would be in the best interest of the child. On appeal, the father challenges the trial court's findings under subsections (E) and (O), but he does not challenge the best interest finding.

The record shows that the Department of Family and Protective Services first became involved with the child in May 2014 when he was two months old. The child was in the care of his mother while she was under the influence of drugs. The mother had also posted messages on social media about selling drugs so that she could get formula and diapers. At the time of removal, the mother admitted that she and the man with whom she was living used methamphetamine.

Although the child was not removed from the father's care, the father was ordered to participate in various services that were necessary for him to obtain the return of his child. The record shows that the father was incarcerated for a majority of the time that this case was pending. The father had made no attempt to contact the child during the period that he was not incarcerated. Due to his incarceration, the father was not able to complete a majority of the services. He did complete two of the court-ordered services while in jail. However, the record shows that the Department gave him a parenting packet that he could have completed while he was in jail. He did not do so. The record also shows that the father has an extensive criminal history and has not demonstrated that he can provide the child with a safe environment. Additionally, the father did not fully cooperate with the Department; he refused to meet with the Department during four different months. The evidence at trial showed that the father did not complete the court-ordered services and, thus, failed to comply with the trial court's order.

The record contains clear and convincing evidence that the father failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child who had been in the conservatorship of the Department for more than nine months and had been removed due to abuse or neglect. The father specifically asserts on appeal that the Department failed to prove by clear and convincing evidence that the child was removed due to his neglect and that the father was able to perform the court-ordered services but simply refused to do so.

Section 161.001(b)(1)(O) does not "make a provision for excuses" for the parent's failure to comply with the court-ordered services. *In re J.S.*, 291 S.W.3d 60, 67 (Tex. App.—Eastland 2009, no pet.) (quoting *In re T.N.F.*, 205 S.W.3d 625, 631 (Tex. App.—Waco 2006, pet. denied)) (internal quotation marks omitted). Clear and convincing evidence also reflected that the child had been removed due to

abuse or neglect and that the child had been in the care of the Department for well over nine months. *See In re E.C.R.*, 402 S.W.3d 239, 248 (Tex. 2013) (holding that "abuse or neglect" as used in subsection (O) "necessarily includes the risks or threats of the environment in which the child is placed"). Furthermore, even though the child was not removed from the father's home and was not removed as a result of allegations of abuse or neglect made specifically against the father, the father was still required to comply with subsection (O). *In re D.R.A.*, 374 S.W.3d 528, 532 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The parent who fails to comply with a court order as required by subsection (O) need not be the same person whose abuse or neglect triggered the child's removal. *In re D.R.J.*, 395 S.W.3d 316, 320 (Tex. App.—Fort Worth 2013, no pet.). Consequently, we hold that the evidence is legally and factually sufficient to support the trial court's finding under Section 161.001(b)(1)(O). The father's second issue on appeal is overruled

Because we find the evidence sufficient to support termination of the father's parental rights under subsection (O), we need not reach the father's first issue in which he challenges the sufficiency of the evidence to support termination under subsection (E). *See* TEX. R. APP. P. 47.1. A finding that the father committed any one of the acts under Section 161.001(b)(1)(A)–(T) is sufficient to support termination.

We affirm the trial court's order of termination.


JIM R. WRIGHT

CHIEF JUSTICE

December 3, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.