**Opinion filed July 17, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00019-CV

_____

## IN THE INTEREST OF K.L.C., L.M.C., P.D.C., AND T.A.C., CHILDREN

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause No. 48,431**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of the parents of K.L.C., L.M.C., P.D.C., and T.A.C.  The children's mother and P.D.C.'s father each filed a notice of appeal.[1]  We affirm.

### I. *Issues*

P.D.C.'s father presents five issues for review.  The mother presents six points of error for review.  In all five of his issues, the father challenges the legal

---

[1]The father of T.A.C. and the unknown fathers of K.L.C. and L.M.C. did not file an appeal. Therefore, references to "the father" in this court's opinion refer to the father of P.D.C. as he is the only father that appealed.

and factual sufficiency of the evidence to support the termination of his rights.  In her first five points of error, the mother challenges the legal and factual sufficiency of the evidence to support the termination of her rights and the appointment of the Department of Family and Protective Services as the managing conservator.  In her sixth point of error, the mother asserts that the trial court was without jurisdiction at the final hearing because the dismissal date had expired.

## II. *Background*

The Department of Family and Protective Services began family-based safety services when the mother tested positive for cocaine upon the birth of T.A.C. The children were subsequently removed from the twenty-year-old mother's care in April 2012.  At the time of removal, the children were four years old, two years old, one year old, and three months old, respectively.  Two of the children were placed with relatives, and two were placed with "fictive kin."  After the Department's attempt at family preservation failed, the Department sought termination of the rights of all of the parents involved in this case.

## III. *Termination: Legal and Factual Sufficiency*

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001 (West 2014).  To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true.  *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005).  To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent.  *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).  To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed

in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001.

### A. Acts of P.D.C.'s Father

In this case, the trial court found that the father had committed five of the acts listed in Section 161.001(1)—those found in subsections (D), (E), (N), (O), and (Q). Specifically, the trial court found that the father had placed or allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being, had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being, had constructively abandoned the child, had failed to comply with the necessary provisions of a court order, and had knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date the petition was filed. *See id.* § 161.001(1)(D), (E), (N), (O), (Q). The trial court also found, pursuant to Section 161.001(2), that termination of the father's parental rights would be in the best interest of the child. The father challenges all of these findings.

In his first issue, the father challenges the sufficiency of the evidence to support the trial court's findings under subsections (D) and (E). We hold that there was clear and convincing evidence from which the trial court could reasonably have formed a firm belief that the father engaged in conduct or knowingly placed P.D.C. with persons who engaged in conduct that endangered P.D.C.'s physical or emotional well-being. *See* FAM. § 161.001(1)(E). Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 33 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a

3

single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009).

The evidence shows that the father voluntarily absented himself from the child's life, had an extensive criminal history, was arrested for the possession of cocaine after P.D.C.'s removal and after the father had been served with notice of this case, was arrested for a probation violation, and was incarcerated in Florida at the time of trial. Such acts constituted a course of conduct that endangered the child. The evidence is legally and factually sufficient to support the trial court's finding as to the father under Section 161.001(1)(E). The portion of the father's first issue related to subsection (E) is overruled.

Because a finding that a parent committed one of the acts listed in Section 161.001(1)(A)–(T) is all that is required under that statute, we need not address the remainder of the father's first issue or his second, third, and fourth issues regarding the sufficiency of the evidence to support the trial court's other findings under Section 161.001(1). *See* TEX. R. APP. P. 47.1.

### B. Acts of the Children's Mother

The trial court found that termination of the mother's parental rights would be in the best interest of the children and that the mother had committed three of the acts listed in Section 161.001(1)—those found in subsections (D), (E), and (O). Specifically, the trial court found that the mother had knowingly placed or allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or

4

emotional well-being, and had failed to comply with the necessary provisions of a court order. *See* FAM. § 161.001(1)(D), (E), (O). Because we hold that the evidence is sufficient to support the trial court's findings under Section 161.001(1)(E) and (O), we do not address the mother's first point of error relating to Section 161.001(1)(D). *See* TEX. R. APP. P. 47.1.

In her second point of error, the mother challenges the legal and factual sufficiency of the evidence to support the finding that she engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being. The record shows that, while she was pregnant with T.A.C., the mother used cocaine. At the child's birth, both the mother and child tested positive for cocaine. The mother's use of cocaine while pregnant endangered T.A.C. Furthermore, the mother admitted at trial that her use of cocaine had endangered all of her children and that, until "recently," she had had difficulty staying away from drugs. Accordingly, we hold that there was clear and convincing evidence from which the trial court could reasonably have formed a firm belief that the mother engaged in conduct that endangered the physical or emotional well-being of the children. *See* FAM. § 161.001(1)(E); *In re D.O.*, 338 S.W.3d at 33; *In re D.T.*, 34 S.W.3d at 634; *In re K.M.M.*, 993 S.W.2d at 228. The mother's second point of error is overruled.

In her fifth point of error, the mother challenges the legal and factual sufficiency of the evidence to support the finding that she failed to comply with the provisions of a court order establishing the actions necessary for her to obtain the return of her children *See* FAM. § 161.001(1)(O). Section 161.001(1)(O) provides that a court may terminate the parent-child relationship if the parent failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department for not less

than nine months as a result of the child's removal from the parent for the abuse or neglect of the child. The statute does not "make a provision for excuses" for the parent's failure to comply with the court-ordered services. *In re J.S.*, 291 S.W.3d 60, 67 (Tex. App.—Eastland 2009, no pet.) (quoting *In re T.N.F.*, 205 S.W.3d 625, 631 (Tex. App.—Waco 2006, pet. denied)).

The evidence in this case was undisputed that the mother failed to comply with the provisions of the court order that required her to complete the services in her family service plan. The Department's caseworker, Kristie Saenz, testified regarding the mother's failures, which included positive drug tests for cocaine, amphetamine, and benzodiazepine; the failure to submit to some of the scheduled drug tests; the failure to complete a psychological assessment; the failure to maintain employment; the failure to attend parenting classes; and the failure to complete drug and alcohol treatment. The mother admitted at trial that she had not fully complied with the trial court's order. The evidence also showed that the children had been removed for abuse or neglect based upon the conditions of the home and the mother's drug use. Based upon the evidence presented at trial, we hold that there was clear and convincing evidence from which the trial court could reasonably have formed a firm belief that the mother failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department for more than nine months as a result of the children's removal from the mother for abuse or neglect. *See* FAM. § 161.001(1)(O). The mother's fifth point of error is overruled.

*C. Best Interest of the Children*

In the father's fifth issue and the mother's third point of error, they argue that the evidence is legally and factually insufficient to support the trial court's findings of best interest. With respect to the best interest of a child, no unique set

of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The record shows that, at the time of the final hearing, the termination proceeding had been pending for approximately eighteen months. During this time period, the mother did not regularly attend visitations with K.L.C. and T.A.C., and she visited L.M.C. only one time. Neither parent visited P.D.C. a single time during the pendency of this case. Saenz testified that the father had seen P.D.C., who was approaching three years old, only two times in his life. The father had no contact with P.D.C. during the Department's involvement in this case. At the time of the final hearing on termination, the father was incarcerated in Florida. Prior to his incarceration, the father had bounced back and forth between Florida and Texas, and although he was living in Texas when this case was filed, he failed to remain in contact with the Department. The father had an extensive criminal history, which included the possession of cocaine.

The evidence at trial reflected that the mother was not able to provide a safe environment for the children. She continued to use drugs after her children were removed. At trial, she testified that she had been "clean" for almost six months, but there were no drug tests to confirm her testimony. The mother had not completed drug and alcohol treatment or parenting classes as required.

Saenz testified that the children were doing very well in their respective placements and that the parents in those placements desired to adopt the child that was in the parents' care. Testimony showed that all four children were thriving in their placements and had bonded to their placement families. The placements had assured the Department that they would continue with monthly sibling visits. The placement families had stable homes and could offer stability to the children. The Department's goal for the children was termination and adoption. Both Saenz and the guardian ad litem testified that termination of the parents' rights and adoption by the respective placements would be in the best interest of the children.

Based on the evidence presented at trial with respect to the emotional and physical needs of the children, the emotional and physical danger to the children, the parental abilities of the individuals seeking custody, the programs available to assist these individuals to promote the best interest of the children, the plans for the children by these individuals and by the Department, the stability of the home or proposed placement, the acts or omissions of the parents with respect to the children, and any excuse for the acts or omissions of the parents, the trial court could reasonably have formed a firm belief or conviction that termination of the father's parental rights would be in the best interest of P.D.C. and that termination of the mother's parental rights would be in the best interest of each of the children. *See Holley*, 544 S.W.2d at 371–72. We cannot hold that the findings as to best interest are not supported by clear and convincing evidence. Because the evidence is both legally and factually sufficient to support the findings that termination of

the parents' rights would be in the children's best interest, we overrule the father's fifth issue and the mother's third point of error.

## IV. *Appointment of Managing Conservator*

In her fourth point of error, the mother challenges the sufficiency of the evidence to support the trial court's finding that the Department should remain the children's permanent managing conservator. The mother argues that the evidence is legally and factually insufficient to establish (1) that appointment of the mother as the children's managing conservator would significantly impair the children's physical health or emotional development and (2) that appointment of the Department as the children's managing conservator is in the children's best interest. *See* FAM. § 153.131. We disagree.

The findings necessary to appoint a nonparent as sole managing conservator need only be established by a preponderance of the evidence. *Lewelling v. Lewelling*, 796 S.W.2d 164, 167 (Tex. 1990). Consequently, we review a trial court's conservatorship decision under a less stringent standard of review than the standard for termination. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). A conservatorship determination is subject to review for an abuse of discretion and may be reversed only if that determination was arbitrary and unreasonable. *Id.* As we held above, the trial court's finding that termination of the mother's parental rights would be in the best interest of the children was supported under the higher, clear-and-convincing burden of proof. The record shows that the mother had demonstrated an inability to safely parent the children, that the Department's goal for the children was adoption, that each child's respective placement wanted to adopt that child, and that the children were very happy and were thriving in the care of their respective placements. The trial court did not abuse its discretion with respect to the appointment of the Department as the children's managing conservator. The mother's fourth point of error is overruled.

9

## V. *Dismissal Date*

In her final point of error, the mother argues that the trial court abused its discretion when it denied her motion to dismiss the proceeding, in which she urged that the trial court did not have jurisdiction at the time of the final hearing. The mother contends that the mandatory dismissal date had expired. *See* FAM. § 263.401. A trial court "shall dismiss" a termination suit filed by the Department "[u]nless the court has commenced the trial on the merits" by the dismissal date. *Id.* The original dismissal date was July 1, 2013.[2] The extended dismissal date of December 28, 2013, was reflected in two subsequent permanency hearing orders entered by the trial court. *See id.* The final trial on the merits commenced on December 11, 2013, and reconvened on January 8, 2014. Near the end of the hearing on January 8, the mother's attorney requested that the case be dismissed pursuant to Section 263.401.

A trial court does not lose jurisdiction over a termination proceeding when the dismissal date passes; the dismissal dates are not jurisdictional. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009). Furthermore, a party who fails to "make a timely motion to dismiss" prior to the commencement of the trial in this type of case waives the right to object to the trial court's failure to dismiss the suit. FAM. § 263.402(b). The mother failed to file her motion to dismiss prior to the commencement of the trial. Therefore, she waived the right to object to any failure of the trial court to dismiss this suit based upon the mandatory dismissal date. *See id.*

Moreover, the record does not support the mother's contention because the dismissal date had not lapsed in this case when the trial on the merits commenced. The extended dismissal date—as set by the trial court, reflected in its orders, and

---

[2]We note that the mother asserts that the trial court's temporary order, for purposes of determining the original dismissal date, does not appear in the record. However, after the mother's brief was filed, the district clerk filed a supplemental clerk's record that contained the trial court's temporary order.

permitted by Section 263.401—was December 28, 2013.  Trial on the merits commenced on December 11, 2013, before the dismissal date.  Thus, the trial court complied with the provisions of Section 263.401.  The mother's sixth point of error is overruled.

## VI. *This Court's Ruling*

We affirm the trial court's order of termination.


JOHN M. BAILEY

JUSTICE


July 17, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.