Opinion filed September 30, 2016



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00096-CV

_____

## IN THE INTEREST OF S.F., A CHILD

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 7697-CX**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order of termination of the parental rights of the mother and father of S.F.  The mother timely filed a notice of appeal.  We affirm.

In her first issue, Appellant asserts that the trial court abused its discretion when it denied a motion for continuance that was sought in order to permit Appellant to be present at trial.  The record shows that, when the case was called for trial, Appellant's trial counsel stated that he could not announce ready because Appellant had sent him a text message that morning and informed him that she wanted to attend and had plans to do so but that "the transportation she had arranged had at the last minute become unreliable."  The trial court noted the time constraints for hearing

the matter, noted that Appellant had ample notice of the hearing, and denied her motion for continuance.

The denial of a continuance motion is reviewed under an abuse of discretion standard. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). No continuance shall be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. Appellant requested a continuance orally in open court. The record does not contain a written motion for continuance or an affidavit in support of Appellant's oral motion. Therefore, Appellant did not comply with Rule 251, and the trial court did not abuse its discretion when it denied the motion. *See* TEX. R. CIV. P. 251; *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *In re T.T.*, 39 S.W.3d 355, 361 (Tex. App.— Houston [1st Dist.] 2001, no pet.). Moreover, we note that Appellant could have appeared by telephone but that she did not request to do so. We overrule Appellant's first issue.

In her second and third issues, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's findings on termination. The trial court found that Appellant failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of S.F., who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parents for abuse or neglect. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(O) (West Supp. 2016). The trial court also found that termination of Appellant's parental rights would be in the best interest of the child. *See id.* § 161.001(b)(2).

The termination of parental rights must be supported by clear and convincing evidence. FAM. § 161.001(b). To terminate parental rights under Section 161.001(b), it must be shown by clear and convincing evidence that the

parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(T) and that termination is in the best interest of the child. *Id.*

To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

The evidence at the final hearing showed that S.F. was removed from her parents in December 2013 shortly after S.F.'s birth and that she has been in foster

care since she left the hospital.[1]  At the time of removal, S.F.'s parents were homeless; they had been living in their car.  The parents had no financial resources to provide for S.F. and had no items that would be needed to care for an infant, nor had Appellant received any prenatal care.  The father exhibited violent behavior and was arrested at the hospital for outstanding warrants.  Domestic violence, the father's mental health, and the recent removal of S.F.'s brother were also known concerns at the time of S.F.'s birth.  Both parents refused the Department's request to be tested for drugs.  In light of these factors and the icy and extremely cold conditions outside, the Department removed S.F. from her parents' care.

The trial court ordered that Appellant comply with the requirements of her family service plan.  A conservatorship caseworker for the Department testified that, although Appellant attended visitation fourteen of the twenty-one times that visitation was scheduled and otherwise partially complied with the service plan, Appellant did not complete her service plan.  After removal, the parents continued to be homeless for about two months after S.F.'s birth and then lived in a hotel for an extended period of time; the hotel room was not appropriate for a child.  At the time of the final hearing, Appellant was unemployed and lived with her mother near Houston.  Appellant's mother had a "fairly extensive CPS history as well as a little criminal history"; therefore, her home was not an appropriate placement.  The caseworker testified that Appellant failed to complete parenting classes as required by the service plan.  Appellant also failed to participate in individual counseling and failed to complete substance abuse counseling.  Additionally, Appellant had threatened various people involved in this case.

The caseworker testified that he believed it would be in S.F.'s best interest for the parent-child relationship between S.F. and her parents to be terminated and for

[1]We note that this is the second appeal from a termination order involving S.F.  *See In re S.F.*, No. 11-15-00055-CV, 2015 WL 5602455 (Tex. App.—Eastland Sept. 10, 2015, no pet.) (mem. op.).

4

S.F. to be placed for adoption. At the time of the final hearing, S.F. and her brother had been placed in an adoptive home for six months. The foster-to-adopt home where S.F. lived at the time of the final hearing was safe and stable. S.F. had bonded with her foster parents and was doing very well in their home. All of her needs were being met there. The foster parents would like to adopt S.F.

Section 161.001(b)(1)(O) does not "make a provision for excuses" for a parent's failure to comply with the court-ordered services. *In re J.S.*, 291 S.W.3d 60, 67 (Tex. App.—Eastland 2009, no pet.) (quoting *In re T.N.F.*, 205 S.W.3d 625, 631 (Tex. App.—Waco 2006, pet. denied)). Although Appellant did comply with some portions of the trial court's order, the evidence reflects that she did not complete the required services and, therefore, did not comply with the provisions of the trial court's order. Furthermore, the record shows that, at the time of the final hearing, S.F. had been in the Department's care for more than two years and that S.F. had been removed from the parents' care due to abuse or neglect. In this regard, we note that the supreme court has held that the language "abuse or neglect of the child" as used in subsection (O) "necessarily includes the risks or threats of the environment in which the child is placed." *In re E.C.R.*, 402 S.W.3d 239, 248 (Tex. 2013). In *E.C.R.*, the court determined that "placing the child's physical health or safety at substantial risk" is sufficient to support a finding of "abuse or neglect." *Id.* at 240. The trial court could have determined by clear and convincing evidence that Appellant failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of S.F., who had been in the managing conservatorship of the Department for not less than nine months as a result of S.F.'s removal from Appellant for abuse or neglect. We overrule Appellant's second issue.

In her third issue, Appellant challenges the legal and factual sufficiency of the evidence to support the best interest finding. We hold that, based on the evidence

presented at trial and the *Holley* factors, the trier of fact could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of the child. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the emotional and physical needs of S.F. now and in the future, the emotional and physical danger to S.F. now and in the future, the parental abilities of Appellant, the plans for S.F. by the Department, the instability of Appellant's home, the stability of the child's placement, and the acts and omissions that indicated that the parent-child relationship was not a proper one, we hold that the evidence is sufficient to support the finding that termination of Appellant's parental rights is in the best interest of S.F. *See id.* We cannot hold that the finding as to best interest is not supported by clear and convincing evidence. We overrule Appellant's third issue.

We affirm the trial court's order of termination.


JIM R. WRIGHT
CHIEF JUSTICE


September 30, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.