**Opinion filed March 3, 2017**



### In The

# Eleventh Court of Appeals

_____

## No. 11-16-00254-CV

_____

## IN THE INTEREST OF E.M.H., A CHILD

---

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM 58,902**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order of termination of the parental rights of the mother and father of E.M.H.  The father appeals.  On appeal, the father presents thirteen issues for our review; he challenges the effectiveness of his trial counsel and the legal and factual sufficiency of the evidence.  We affirm.

### I. *Termination Findings and Standards*

After the mother voluntarily relinquished her parental rights, a jury trial was conducted with respect to the father's parental rights.  The jury found that the parent-child relationship between the father and E.M.H. should be terminated.  Based on the mother's earlier relinquishment and on the jury's verdict with respect to the

father, the trial court entered a final order in which it terminated the parents' rights to the child. In the order, the trial court found that the father had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the physical or emotional well-being of the child; had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being; had constructively abandoned the child; had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent for abuse or neglect; or had a mental or emotional illness or a mental deficiency that rendered him unable to provide for the physical, emotional, and mental needs of the child until the child's eighteenth birthday despite the Department's reasonable efforts to return the child to the parent. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(D), (E), (N), (O), 161.003 (West Supp. 2016). The trial court also found that termination of the father's parental rights would be in the best interest of the child. *See id.* §§ 161.001(b)(2), 161.003.

The termination of parental rights must be supported by clear and convincing evidence. FAM. § 161.001(b), § 161.206 (West 2014). To terminate parental rights under Section 161.001(b), it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(T) and that termination is in the best interest of the child. *Id.*

To determine on appeal if the evidence is legally sufficient to support a finding in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give

2

due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

## II. *Evidence at Trial*

The evidence at the final hearing showed that E.M.H. was two years old at the time she was removed from her parents' care in 2015. The Department had initially become involved with the family in 2013 when the Department received an intake based upon domestic violence committed by the father against the mother in the presence of E.M.H. The Department received another report that involved similar, but escalated, allegations in 2014. In 2015, the Department received yet another intake involving E.M.H. This time, the mother had left the child outside in a stroller in a trailer park from 5:00 a.m. to 9:00 a.m. while the mother and her boyfriend

fought and used drugs. The Department removed the child based upon the unsanitary condition of the residence and the mother's use of methamphetamine while the child was in her care. The results of a drug test revealed high levels of methamphetamine in the mother's system. The father, who had fled to California after the 2014 incident, could not be located by the Department at the time of removal but was subsequently contacted through Facebook.

The father refused to cooperate with the Department. Evidence was offered at trial to show that the father had a long and extensive involvement with different mental health providers. He has years of mental health history and noncompliance with his mental health treatment. He also has a history of drug abuse and "horrific" domestic violence. Throughout the case, the father had shown no ability to care for his child. He did not even visit E.M.H. a single time during the fifteen months that this case was pending. The father informed the Department and testified at trial that the last time he saw his child was in March 2014, which is when he fled to California to avoid criminal charges.

When E.M.H. was removed from her parents' care, she was placed in the home of her maternal grandparents. E.M.H. continued to reside there at the time of the final hearing on termination. E.M.H. does not talk about her father and has no relationship with him. She has done well in the home of her maternal grandparents, which is a safe and stable home, and they are tending to her special needs. The maternal grandparents wish to adopt E.M.H., and that is the Department's goal for her if the parents' rights are terminated. The father told the Department's investigator that the best place for E.M.H. was with her maternal grandparents. Although the father testified extensively at trial and indicated that he did not want his parental rights to be terminated, evidence was offered at trial to show that termination of his rights would be in the best interest of E.M.H.

4

III. *Father's Issues*

*A. Assistance of Counsel at Trial*

In his first issue, the father asserts that he received ineffective assistance of counsel at trial. He points to trial counsel's failure to object to numerous instances of hearsay and to counsel's failure to lodge various other evidentiary objections.

A parent in a termination case has the right to "effective counsel." *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). To prevail on a claim of ineffective assistance of counsel, a parent must generally show (1) that trial counsel's performance was deficient and (2) that the deficient performance was so serious as to deny the parent a fair and reliable trial. *J.O.A.*, 283 S.W.3d 336, 341–42 (Tex. 2009) (following the two-pronged analysis of *Strickland v. Washington*, 466 U.S. 668 (1984)); *M.S.*, 115 S.W.3d at 545 (same). In the present case, the father has failed to satisfy the second prong of the *Strickland* test.

The father's allegations with respect to trial counsel's performance relate to counsel's failure to object to various evidence. None of the father's allegations and, thus, none of the allegedly inadmissible evidence relate to the finding made by the trial court under Section 161.001(b)(1)(O)—i.e., that the father had failed to comply with the provisions of an order of the trial court as required to obtain the child's return. Furthermore, although much of the allegedly inadmissible evidence related to the father's prior conduct or others' statements about the father and, thus, could have been considered as a factor with respect to the child's best interest, the father does not argue in his brief that counsel's alleged deficiencies altered the best interest finding.[1] The best interest finding in conjunction with the finding under Section 161.001(b)(1)(O) support termination in this case. Because he has not shown that the result of the proceeding would have been different but for trial

---

[1]We note also that some of the allegedly objectionable evidence was duplicative of other admissible evidence.

counsel's alleged deficiencies, the father has failed to establish that he was denied a reliable trial. *See M.S.*, 115 S.W.3d at 545. We overrule the father's first issue on appeal.

### B. Sufficiency of the Evidence

In his remaining twelve issues, the father challenges the legal and factual sufficiency of the evidence to support the termination findings. In the second and third issues, he challenges the finding that a mental or emotional illness or a mental deficiency renders him unable to provide for the needs of the child. *See* FAM. § 161.003. In the fourth through eleventh issues, he challenges the findings made pursuant to Section 161.001(b)(1)(D), (E), (N), and (O). In his twelfth and thirteenth issues, the father challenges the sufficiency of the evidence to support the best interest finding.

### 1. Preservation of Sufficiency Challenges

Before reaching the merits of the father's sufficiency challenges, we must address the Department's contention that the father failed to preserve these issues for appellate review. We agree with the Department that the father failed to preserve his legal sufficiency complaints because this case was tried to a jury and because the father failed to object to the submission of the issue to the jury and failed to file a motion for an instructed verdict, a motion to disregard the jury's answer, a motion for judgment notwithstanding the verdict, or a motion for new trial. *See J.P.B.*, 180 S.W.3d at 574; *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 220 (Tex. 1992). We also agree that the father's challenges to the factual sufficiency of the evidence were not preserved for review because he did not file a motion for new trial. *See* TEX. R. CIV. P. 324(b)(2).

However, when a meritorious factual sufficiency complaint is not preserved for review in a parental termination case, the failure to preserve that complaint may constitute ineffective assistance of counsel. *M.S.*, 115 S.W.3d at 546–50. In *M.S.*,

6

the Texas Supreme Court stated that, if counsel's failure to preserve a factual sufficiency complaint is unjustified, then "counsel's incompetency in failing to preserve the complaint raises the risk of erroneous deprivation too high, and our procedural rule governing factual sufficiency preservation must give way to constitutional due process considerations." *Id.* at 549. The court expressly refused to hold that every failure to preserve a factual sufficiency issue in a parental termination case rises to the level of ineffective assistance. *Id.* Additionally, subsequent to its rulings in *M.S.* and *J.P.B.*, the Texas Supreme Court determined that a provision in the Family Code was unconstitutional as applied because it precluded the parent from raising a meritorious complaint about the insufficiency of the evidence supporting the termination order. *J.O.A.*, 283 S.W.3d at 339. For these reasons, we will address the father's challenges to the sufficiency of the evidence even though he did not follow the proper procedure to preserve them for review. *See In re A.L.P.*, No. 11-15-00011-CV, 2015 WL 5192066, at *4 (Tex. App.—Eastland Aug. 21, 2015, pet. denied) (mem. op.).

### 2. Findings Under Sections 161.001(b)(1) and 161.003

With respect to the father's tenth and eleventh issues, we hold that there was clear and convincing evidence from which the trier of fact could reasonably have formed a firm belief that the father had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child, who had been in the managing conservatorship of the Department for not less than nine months as a result of the child's removal from the parents for abuse or neglect. *See* FAM. § 161.001(b)(1)(N), (O).

The evidence at trial established that the family service plan was made an order of the trial court and that the father completed none of the services required by the family service plan. Although the father argues that he did not have time to comply with the service plan and that he could not afford to pay for the services in

7

California, testimony at trial indicated that the father had refused to perform any of the required services. The father told the Department that he was not going to cooperate because he was a "nonoffending parent." Contrary to the father's belief, even a "nonoffending parent" must comply with the provisions of a court order. The parent who fails to comply with a court order as required by subsection (O) need not be the same parent whose abuse or neglect triggered the child's removal. *In re D.R.J.*, 395 S.W.3d 316, 320 (Tex. App.—Fort Worth 2013, no pet.); *see In re D.R.A.*, 374 S.W.3d 528, 532 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Furthermore, the statute does not "make a provision for excuses" for a parent's failure to comply with the court-ordered services. *In re J.S.*, 291 S.W.3d 60, 67 (Tex. App.—Eastland 2009, no pet.) (quoting *In re T.N.F.*, 205 S.W.3d 625, 631 (Tex. App.—Waco 2006, pet. denied)).

The evidence at trial was undisputed that the father did not comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of his child. Undisputed evidence also showed that E.M.H. had been in the managing conservatorship of the Department for well over nine months and that E.M.H. was removed from the parents as a result of "abuse or neglect." The Texas Supreme Court has held that the language "abuse or neglect of the child" as used in subsection (O) "necessarily includes the risks or threats of the environment in which the child is placed." *In re E.C.R.*, 402 S.W.3d 239, 248 (Tex. 2013). In *E.C.R.*, the court determined that "placing the child's physical health or safety at substantial risk" is sufficient to support a finding of "abuse or neglect." *Id.* at 240. Clear and convincing evidence supported findings made pursuant to subsection (O) of Section 161.001(b)(1). We hold that the evidence is legally and factually sufficient to support that finding, and we overrule the father's tenth and eleventh issues.

Because it must be shown that the parent has committed only one of the acts listed in Section 161.001(b)(1)(A)–(T), we need not reach the merits of the father's second, third, fourth, fifth, sixth, seventh, eighth, and ninth issues in which he challenges the sufficiency of the evidence to support termination under Section 161.003 and Section 161.001(b)(1)(D), (E), and (N). *See* TEX. R. APP. P. 47.1.

### *3. Best Interest: Section 161.001(b)(2)*

In his twelfth and thirteenth issues, the father challenges the legal and factual sufficiency of the evidence to support the finding that termination of his parental rights is in the best interest of his child. Based on the evidence presented at trial and the *Holley* factors, we hold that the trier of fact could reasonably have formed a firm belief or conviction that termination of the father's parental rights would be in the best interest of the child. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the emotional and physical needs of the child now and in the future; the emotional and physical danger to the child now and in the future; the parental abilities of the father and the child's placement; the plans for the child by the Department; the stability of the child's placement; acts and omissions indicating that the parent-child relationship was not a proper one; the domestic violence committed by the father; the father's mental health issues, which were extensive and prolonged; the father's criminal history; and the father's history of drug use, we hold that the evidence is sufficient to support the finding that termination of the father's parental rights is in the best interest of the child. *See id.* We cannot hold that the finding as to best interest is not supported by clear and convincing evidence. The father's twelfth and thirteenth issues are overruled.

## IV. *This Court's Ruling*

We affirm the trial court's order of termination.


MIKE WILLSON

JUSTICE


March 3, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.